# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDDIE FRANCIS, Jr.,**

    **Petitioner,**

**v.**     **Civil Action No. 3:06cv127**
     **(Judge Bailey)**

**AL HAYNES, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On November 21, 2006, the petitioner, Freddie Francis, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241 challenging the accuracy of information contained in his Pre-Sentence Report ("PSR"). In addition, the petitioner challenges his custody classification score as determined by the Bureau of Prisons ("BOP"). On May 8, 2007, the undersigned issued a Report and Recommendation that this matter be dismissed, without prejudice, for the failure to prosecute. On May 16, 2007, the petitioner filed objections, and on August 22, 2008, the Court entered an Order sustaining in part the objections. Accordingly, on August 25, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to respond to the petition and did so by filing a Motion to Dismiss and Memorandum in support thereof on October 8, 2008. On October 9, 2008, a Roseboro Notice was issued. On January 6, 2009, the petitioner filed a response to the Motion to Dismiss.

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

## II. Issues Presented

### A. The Petition

In challenging the accuracy of information contained in his Pre-sentence Investigation Report ("PSR), the petitioner alleges that he improperly received two points in his criminal history category, two points for possessing a weapon, that he was not on probation at the time the instant offense was committed, and that charges dismissed by the sentencing court still appear in his PSR. In addition, in challenging his custody classification, the petitioner alleges that he did not commit the incident as reflected in the BOP's July 31, 2001 incident report for which he was found guilty. He argues that, because he did not commit the prohibited act, he should not receive points for violence in the calculation of his custody classification. Moreover, the petitioner alleges that if the incident were expunged, he would be eligible for transfer to a medium security

### B. Motion to Dismiss

In support of his Motion to Dismiss, the respondent argues that the petitioner's allegations regarding inaccuracies in his PSR raise a challenge to the legality of the sentenced imposed by the sentencing court and are not properly raised in a § 2241 petition. Additionally, the respondent argues that the petitioner has not exhausted his administrative remedies before seeking habeas relief with respect to his custody classification. Finally, the respondent argues that removal of the incident from the petitioner's record is irrelevant because he would remain classified as a maximum security inmate.

## III. Standard of Review

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.w3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could

be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## IV. Analysis

### A. Challenges to the Legality of a Sentence

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). In the instant case, the petitioner's prayer for relief includes that this court hold an evidentiary hearing as deemed necessary and appropriate, issue an order granting the petition unless the state holds a new sentencing trial and the BOP corrects the information in his central file, and the BOP corrects the information in his central file. Therefore, the petitioner clearly takes issue with the findings of the sentencing court and challenges the legality of the sentence imposed.

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See

3

Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[1]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. The petitioner pleaded guilty to count sixteen of a multi-count indictment charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. (Doc. 20-2, p. 2).

---

[1]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

Therefore, even if the petitioner satisfied the first and the third elements of Jones, violation of 21 U.S.C. § 841 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition as it relates to his allegations that his PSR contains errors.[2]

**B. Exhaustion**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d

---

[2]The undersigned notes that the petitioner has filed two Motions to Vacate, Set Aside or Correct a sentence pursuant to 28 U.S.C. § 2255. He also filed a Motion for Reduction of Sentence, pursuant to Rule 25 of the Federal Rules of Criminal Procedure. All of these motions were denied on the merits or on the grounds that the claims raised were "second or successive." Moreover, the petitioner raised duplicative claims in a Rule 60 Motion for Relief from Judgment which was filed on July 29, 2005 and subsequently dismissed. (Doc. 20-6).

5

1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. The materials provided by the respondent show that the petitioner filed Administrative Remedy ID 250400-R1 at the South Central Regional Office on September 20, 2001, challenging the finding of the Disciplinary Officer ("DHO") that he committed the prohibited act of Assaulting With Serious Injury. His request was denied on November 7, 2001. However, he did not file a final appeal with the office of General Counsel. (Doc. 20-4, p. 3). Therefore, he has not exhausted his administrative remedies regarding th DHO hearing. Accordingly, the court could dismiss this matter without prejudice and require the petitioner to exhaust his administrative remedies before refiling if he were dissatisfied with the BOP's response to the administrative remedy process. However, it is clear that the petitioner's underlying claims are without merit and should be dismissed with prejudice.

## C. Custody Classification

The petitioner alleges that, based on the July 31, 2001 incident and the DHO's subsequent finding that he committed the prohibited act, he received a violence base score of six. He further alleges because of this violence score, he is prohibited from transferring to a medium security facility.

However, because the petitioner possesses a Management Variable ("MGTV")[3] resulting in an overriding high security designation, he would be ineligible for transfer to a medium security facility even if the disciplinary report was expunged.

The petitioner's most recent custody classification was performed on July 28, 2008. This classification indicates that he has a MGTV of Greater Security which applies in circumstances where an inmate presents a greater security risk that his assigned security level. Upon application of a Greater Security MGTV, the Designation and Sentence Computation Center (DSCC) applies an overriding Management Security Level to reflect the inmate's assessed security needs, and this takes precedence over the security level reflected in SENTRY. (Doc. 20-2, p. 3). Therefore, although the petitioner is scored as a medium security inmate, the presence of the Greater Security MGTV requires that he be designated as a high security inmate.[4] (Id.) The petitioner's MGTV will be reviewed again on July 28, 2010. (Doc. 20-3, p.6).

Pursuant to Program Statement 5100.08, an inmate is placed in maximum custody where the inmate requires ultimate control and supervision. This classification is for individuals who, by their behavior, have been identified as assaultive, a serious escape risk and/or seriously disruptive to the orderly running of an institution. In addition to the petitioner's prior escape and resulting Greater Security MGTV, he has received incident reports for the commission of twenty-eight prohibited acts. Of those twenty-eight, seven were prohibited acts in the greatest severity category as indicated by a

---

[3]Pursuant to Bureau of Prisons Program Statement 5100.08, a MGTV is applied to reflect the professional judgment of Bureau staff to ensure that an inmate's placement is in the most appropriate level consistent with the inmate's security score- a score which may or may not adequately reflect his security needs. (Doc. 20-2, p. 3).

[4]The petitioner was convicted of aggravated escape in Louisiana in which he and two other prisoners overpowered the police officer, disarmed, handcuffed, and locked him in a cell before escaping. This information was used to apply the Greater Security MGTV to the petitioner. (Doc. 20-2, pp. 3-4).

100 level offense code. Accordingly, given his disciplinary history and the presence of the MGTV, even if the incident report for July 21, 2001 were expunged, the petitioner's custody classification would not change.

The undersigned notes that in his reply to the Motion to Dismiss, the petitioner for the first time seeks restoration of forty days Good Conduct Time that he alleges he lost as a result of the disciplinary proceeding stemming from the July 31, 2001 incident report. Prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy "the full panoply of due process rights due a defendant in such [criminal] proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that due process requires the following:

1. giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

The plaintiff makes no allegation that he was denied any of these due process requirements.

Rather, he argues only that he is innocent of the charges. However, the findings by the DHO are sufficient to support the finding that the petitioner violated Prohibited Act 101A. The Supreme Court held in <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455 (1985) that "[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." The Supreme Court further stated:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Here, the DHO relied on the account of the reporting officer and the supporting memorandum from all staff that responded to the incident. In addition, the DHO considered the petitioner's witnesses' statements. (Doc. 31-4, pp. 2-3). It is not the Court's prerogative to make an independent assessment of the credibility of the witnesses or weigh the evidence. So long as there is evidence to support the DHO's determination, it must stand. <u>See</u> <u>Superintendent</u> at 455-56. The testimony and documents considered by the DHO clearly provided "some evidence" from which a rational conclusion could be drawn that the petitioner committed the act as charged.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 19) be **GRANTED** and the petitioner's § 2241 petition be **DISMISSED WITH PREJUDICE.**

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 18, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE