# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FREDDIE FRANCIS, JR.**,

      Petitioner,

v.                                                      Civil Action No. 3:06-cv-127
                                                                 (BAILEY)

**AL HAYNES**, **Warden,**

      Respondent.

## ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge James E. Seibert [Doc. 32] and the Petitioner's Objections to Report and Recommendation [Doc. 37] regarding petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's Application under § 2241 should be **DENIED**.

## BACKGROUND

On August 18, 1999, the petitioner pleaded guilty to count sixteen of a multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The petitioner was sentenced by the United States District Court for the Western District of Louisiana on March 2, 2000 to

1

300 months imprisonment. Thereafter he was to be placed on supervised release for five years. (See 99-20028-09).

Following submission of a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), by unpublished decision dated April 12, 2001, the petitioner's direct appeal was dismissed by the United States Fifth Circuit Court of Appeals for lack of jurisdiction. Specifically, the Fifth Circuit found that the district court was without authority to grant the petitioner's motion to file an untimely notice of appeal as the request was made after the 40 day period prescribed an F.R.A.P 4(b)(4). Therefore, the appellate court was without jurisdiction to consider the petitioner's direct appeal. (See 2:99-cr-20028–09 [Doc. 389]).

On June 11, 2001, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Louisiana. The petitioner asserted two grounds for relief: (1) that he received ineffective assistance of counsel due to counsel's failure to filed a timely notice of direct appeal; and (2) that his sentence was in violation of the decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Following an evidentiary hearing, and Report and Recommendation, the District Court found that as a result of the petitioner's counsel's actions or inactions, the petitioner had been denied his right to direct appeal. Therefore, petitioner's judgment of conviction was reinstated on the court's docket so that he could be afforded the right to file an out-of-time direct criminal appeal and his § 2255 motion was dismissed without prejudice.

The petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeals on October 30, 2002. On appeal, the petitioner raised two arguments based upon the **Apprendi** decision. First, that the district court was bound by

the drug quantity alleged in the indictment and should not have used relevant conduct to increase the petitioner's sentencing guideline range. Second, that the fact of prior convictions should not have been used to increase his sentence under the guidelines. The petitioner's request for writ of certiorari was denied by the United States Supreme Court on January 13, 2003.

On January 5, 2004, the petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his federal sentence. On March 4, 2004, the petitioner filed a supplemental pleading asserting the following grounds for relief: (1) that his indictment was defective and that counsel was ineffective because he induced petitioner to plead guilty to this defective indictment; (2) that his counsel was ineffective because counsel permitted petitioner to plead guilty to an ambiguous plea agreement prior to preparation of a pre-sentence investigation report, which agreement did not mention career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petition pleaded guilty, thus permitting him to be sentenced for a more serious offense than was stipulated; (3) that his counsel was ineffective because Amendment 591 of the Sentencing Guidelines should be applied retroactively to him; (4) that his counsel was ineffective because counsel incorrectly advised petitioner that the substance at issue was powder rather than crack cocaine, and that his maximum sentence would be 123 months; (5) that counsel was ineffective because counsel failed to object to an alleged breach of the plea agreement, that is, that petitioner would not be prosecuted for other offenses charged in the indictment to which petitioner did not plead guilty, and that counsel failed to demand specific performance of the plea agreement in order that petitioner be sentenced for the

amount of drugs for which he pleaded guilty or to which he stipulated his responsibility; (6) that counsel failed to object to sentencing petitioner based on enhanced penalties applicable to crack, instead of powder cocaine, because the enhanced penalties applicable to crack were not set forth in the plea agreement as required by FRCP 32; (7) that counsel was ineffective because counsel failed to investigate whether the substance petitioner possessed was actually crack cocaine; (8) that counsel was ineffective for failing to investigate the circumstances surrounding petitioner's prior aggravated escape conviction and a request a hearing on same, and for failing to object to the use of this prior conviction in determining petitioner's status as a career offender; (9) that counsel was ineffective for failing to object to petitioner's sentence which was allegedly based on the wrong statutory and guideline provisions; and (10) that appellate counsel was ineffective for failing to assert a claim of "illegal sentence" on appeal.

On July 30, 2004, the United States Magistrate Judge issued a Report and Recommendation in which he recommended that all of the petitioner's claims be denied as second or successive, except his claims of ineffective appellate counsel and that trial counsel failed to object to sentencing based on drug amounts which were not stipulated in the plea agreement. Moreover, after thorough consideration of these remaining two claims, the United Sates Magistrate Judge recommended that those grounds be denied and dismissed with prejudice as well. On August 30, 2004, the United States District Judge adopted the Report and Recommendation and ordered the petition denied and dismissed with prejudice.

On November 26, 2006, petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the accuracy of information contained in his Pre-Sentence

Report ("PSR"). Petitioner also challenges his custody classification score as determined by the Bureau of Prisons ("BOP"). On May 8, 2007, Magistrate Judge Seibert issued a Report and Recommendation that this matter be dismissed, without prejudice, for failure to prosecute.

On May 16, 2007, the petitioner filed objections, and on August 22, 2008, the Court entered an Order sustaining in part the objections. Accordingly, on August 25, 2008, Magistrate Judge Seibert made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to respond to the petition and did so by filing a Motion to Dismiss and Memorandum in support thereof on October 8, 2008. On October 9, 2008, a ***Roseboro*** Notice was issued. On January 6, 2009, the petitioner filed a response to the Motion to Dismiss.

In his petition, petitioner challenges the accuracy of information contained in his Pre-sentence Investigation Report ("PSR), alleging: that he improperly received two points in his criminal history category and two points for possessing a weapon; that he was not on probation at the time the instant offense was committed; and that charges dismissed by the sentencing court still appear in his PSR. Additionally, in challenging his custody classification, the petitioner alleges that he did not commit the incident as reflected in the BOP's July 31, 2001 incident report for which he was found guilty. He argues that, because he did not commit the prohibited act, he should not receive points for violence in the calculation of his custody classification. Moreover, the petitioner alleges that if the incident were expunged, he would be eligible for transfer to a medium security facility.

In support of his Motion to Dismiss, the respondent argues that the petitioner's

allegations regarding inaccuracies in his PSR raise a challenge to the legality of the sentenced imposed by the sentencing court and are not properly raised in a § 2241 petition. Additionally, the respondent argues that the petitioner has not exhausted his administrative remedies before seeking habeas relief with respect to his custody classification. Finally, the respondent argues that removal of the incident from the petitioner's record is irrelevant because he would remain classified as a maximum security inmate.

On February 18, 2009, Magistrate Judge Seibert issued a Report and Recommendation that respondent's Motion to Dismiss [Doc. 19] be granted and that petitioner's § 2241 petition [Doc. 1] be dismissed. [Doc. 32]. On March 30, 2009, petitioner filed Objections to Report and Recommendation [Doc. 37].

## **PETITIONER'S OBJECTIONS**

On November 6, 2008, petitioner filed his objections to the Magistrate's Report and Recommendation [Doc. 10]. Petitioner objects to the R&R on the following grounds: (1) he never assaulted anyone to be charged with an 101A Rule infraction; and (2) the documentation requesting a "Maximum" custody designation was not maintained by the BOP as required by its policies; and (3) that he has exhausted his administrative remedies. [Doc. 37]. The Court will address each objection in turn:

1. Petitioner argues that he never assaulted anyone and that if the rule infraction was expunged from his file that he would be eligible for a security 'downgrade' to medium security. As found by the Magistrate in the R&R, this argument is without merit.

Assuming, *arguendo*, that petitioner did not assault anyone and should not have been assigned a 101A Rule infraction; and, therefore, his violence score should allow him to transfer to a medium security prison, petitioner would still be ineligible for transfer. As

noted in the R&R, the Bureau of Prisons (hereinafter "BOP") also assigns a Management Variable (hereinafter "MGTV") to inmates. The MGTV is applied to reflect the professional judgment of BOP staff to ensure that an inmate's placement is at the most appropriate level consistent with the inmate's security score. BUREAU OF PRISONS PROGRAM STATEMENT 5100.08, Inmate Security Designation and Custody Classification; *see also* [Doc. 20-2].

Here, petitioner has been assigned a MGTV which would override his designation as a medium security inmate. [Doc. 20-2]. In particular, the petitioner has been classified as an escape risk in accordance with BOP policy as was convicted of aggravated escape in Louisiana. (Id.) Petitioner was convicted of overpowering a police officer, along with two other prisoners, disarming the officer, handcuffing him, locking him in a cell, and then escaping. (Id.) Additionally, there is not one 100-level rule infraction in petitioner's disciplinary history, there are seven. (Id.) Were one of those seven infractions expunged, given the presence of the other violations and petitioner's MGVT due to his conviction for aggravated escape, petitioner would not be eligible to transfer to a medium security facility. As such, petitioner's objection on that ground is **OVERRULED**.

2. Petitioner also objects on the basis that the documentation requesting a "Maximum" custody designation was not maintained by the BOP as required by its policies; and the Court assumes petitioner is arguing that the BOP, therefore, does not have the authority to designate him as a maximum security risk. Based on the reasoning laid out above, however, the BOP has sufficient grounds according to its records of rule infractions and the PSR noting petitioner's conviction for aggravated escape to designate petitioner as a maximum security inmate.

3. Finally, petitioner argues that he has exhausted his administrative remedies with

regard to challenging the 101A Rule violation. This objection is moot in light of the fact that even if the infraction were expunged petitioner would still not be eligible for medium security designation. Thus, the Court could require petitioner to exhaust his administrative remedies before seeking redress in the Court, but has instead found that petitioner's claim fails on the merits.

Based on the reasoning above, the Court finds that petitioner's objections are without merit and should be **OVERRULED** and the Magistrate's Report and Recommendation **ADOPTED**.

## **CONCLUSION**

For the reasons stated above:

1. The Magistrate Judge's Opinion/Report and Recommendation [Doc. 32] is **AFFIRMED** and **ADOPTED** as it recommends petitioner's § 2241 petition [Doc. 1] be denied and dismissed with prejudice.

2. Respondent's Motion to Dismiss [Doc. 19] is hereby **GRANTED**; and

3. Petitioner's § 2241 [Doc. 1] is hereby **DENIED** and **DISMISSED with prejudice** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: April 29, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE